UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: PROVEN NETWORKS, LLC, PATENT LITIGATION         MDL No. 2959


**TRANSFER ORDER**

**Before the Panel**:[*]  Certain accused infringers[1] move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this patent litigation in the Northern District of California. This litigation consists of eight actions, pending in two districts, as listed on Schedule A. Originally, there were ten actions on the motion, including two infringement actions in the Northern District of California (*F5 Networks* and *Extreme Networks*). After the motion was filed, the patentholder voluntarily dismissed the California actions but filed a new action against F5 Networks, Inc., in the same district (*F5 Networks No. II*), amending its allegations and legal claims. *F5 Networks No. II* is a potential tag-along action in this litigation.

Patentholder Proven Networks, LLC, opposes centralization and, alternatively, requests the Western District of Texas as the transferee district. Defendant F5 Networks states that it takes no position on centralization but, in the event of centralization, it does not oppose the Northern District of California.

At issue in this litigation are five patents owned by Proven Networks, LLC, in the field of data networking.[2] Proven Networks alleges in all actions that the patents originated from telecommunications and wireless networking research by Alcatel-Lucent, with the general purpose of managing and optimizing data flow and storage under varying and adverse data traffic conditions. The patents allegedly were transferred from Alcatel-Lucent to Provenance Asset Group, LLC ("Provenance") in 2017, and from Provenance to Proven Networks in early 2020. The various accused products in the actions are: (1) storage and network controllers and associated software; (2) cloud computing; and (3) network traffic management devices such as routers and switches and associated software.

---

[*]     Judge Ellen Segal Huvelle, Judge Nathaniel M. Gorton, and Judge David C. Norton took no part in the decision of this matter.

[1]     Arista Networks, Inc., Amazon.com, Inc., Amazon Web Services, Inc., Cisco Systems, Inc., Dell Technologies, Inc. and Dell Inc. ("Dell"), EMC Corporation, Hewlett Packard Enterprise Company, Aruba Networks, Inc., NetApp, Inc., SolarWinds Corp., and SonicWall, Inc.

[2]     The five asserted patents are: U.S. Patent Nos. 8,018,852 (the '852 patent); 8,165,024 (the '024 patent); 8,812,454 (the '454 patent); 7,450,507 (the '507 patent); and 7,877,786 (the '786 patent).

In opposing centralization, the patentholder principally argues that (1) common factual issues are not involved because the asserted patents vary significantly across actions; (2) the accused products and infringement issues vary; and (3) the anticipated consolidation of the seven Western District of Texas actions makes centralization unnecessary. We find these arguments unpersuasive. First, although different combinations of patents are asserted in the actions, there is substantial overlap in the asserted patents. The claim construction issues in the Western District of Texas *Dell* action overlap with all other actions on the motion. The issues concerning the '024 and '454 patents are raised in *Dell*, the Eastern District of Texas *Cisco* action, and four other Western District of Texas actions, and the issues concerning the '507 patent are raised in *Dell*, the Northern District of California *F5 Networks No. II* action,[3] and one other Western District of Texas action. Absent centralization, duplicative claim construction proceedings on these patents will be necessary. Second, differences in the accused products and infringement allegations in the cases do not prevent centralization where common factual issues involving claim construction and patent invalidity are shared.[4] Third, the anticipated consolidation of the Western District of Texas actions is insufficient to address the risk of duplicative proceedings and inconsistent rulings. Actions still would be proceeding independently in the Northern District of California and the Eastern District of Texas. And the record indicates that claim construction pretrial proceedings already are advancing without coordination among the parties.

On the basis of the papers filed and the hearing session held,[5] we find that these actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions involving five patents concerning data networking technology that allegedly originated with Alcatel-Lucent and subsequently were transferred to Proven Networks. There is significant overlap in the patents asserted in these actions, and thus, overlapping claim construction and patent validity issues. Moreover, all actions involve common factual issues relating to the patents' transfer history and associated valuation, damages, and standing issues. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly on the complex and time-consuming matter of claim construction), and conserve the resources of the parties, their counsel and the judiciary.

---

[3]   We intend to transfer *F5 Networks No. II* through the conditional transfer order process. *See* Panel Rule 7.1(b).

[4]   *See In re Bear Creek Tech., Inc., ('722) Patent Litig.*, 858 F. Supp. 2d 1375, 1379 (J.P.M.L. 2012) ("[t]he Panel has often centralized litigation involving different products which allegedly infringe a common patent or patents").

[5]   In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of September 24, 2020. *See* Suppl. Notice of Hearing Session, MDL No. 2959 (J.P.M.L. Sept. 8, 2020), ECF No. 50.

-3-

We conclude that the Western District of Texas is an appropriate transferee district for this litigation. Seven of the eight actions on the motion are pending in this district, and the accused infringers in two actions have their headquarters there. Judge Alan D. Albright, who presides over six actions, is an experienced jurist who has the ability and willingness to manage this litigation efficiently. We are confident he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the action listed on Schedule A and pending outside the Western District of Texas is transferred to the Western District of Texas and, with the consent of that court, assigned to the Honorable Alan D. Albright for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

R. David Proctor          Catherine D. Perry
Matthew F. Kennelly

**IN RE: PROVEN NETWORKS, LLC, PATENT LITIGATION**  MDL No. 2959

## SCHEDULE A

<u>Eastern District of Texas</u>

PROVEN NETWORKS, LLC v. CISCO SYSTEMS, INC., C.A. No. 2:20-00074

<u>Western District of Texas</u>

PROVEN NETWORKS, LLC v. AMAZON.COM, INC., ET AL., C.A. No. 1:20-00498
PROVEN NETWORKS, LLC v. DELL TECHNOLOGIES, INC., ET AL.,
    C.A. No. 1:20-00710
SONICWALL, INC. v. PROVEN NETWORKS, LLC, C.A. No. 1:20-00715
PROVEN NETWORKS, LLC v. ARISTA NETWORKS, INC., C.A. No. 6:20-00281
PROVEN NETWORKS, LLC v. SOLARWINDS CORP., C.A. No. 6:20-00338
PROVEN NETWORKS, LLC v. NETAPP, INC., C.A. No. 6:20-00369
PROVEN NETWORKS, LLC v. HEWLETT PACKARD ENTERPRISE COMPANY,
    ET AL., C.A. No. 6:20-00632